NUMBER 13-99-328-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


JOHN RANDALL PRESTON, Appellant,


v.



BEKA NAYLOR PRESTON, Appellee.

___________________________________________________________________




On appeal from the 267th District Court


of Goliad County, Texas.


___________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Yañez, and Chavez


Opinion by Justice Chavez



 This is an appeal from a trial court's judgment awarding back child
support. Appellant, John Randall Preston, argues that he should not
have to pay child support for a thirteen-month period because he was
taking care of the children during this time. Appellee, Beka Naylor
Preston, argues that he was not supporting the children during this
time. Appellant raises one point of error.(1) We affirm.

 There are two versions of the facts in this case. It is undisputed
that during this period of time they lived together for thirteen months
and that he worked for a small gymnastics business she ran. Appellant
claimed that he had reconciled with his former wife, returned to live
with her, worked at the family business, and helped support the family
during this time. Appellee alleged that she let her ex-husband return to
live with her only because he needed her help to support himself. 

 Appellee established that appellant had not paid child support of
$746 per month for the thirteen months in question. The Texas Family
Code provides an affirmative defense to a motion for enforcement of
child support if the obligee voluntarily relinquished to the obligor actual
possession and control of the child. Tex. Fam. Code Ann. § 5.01 (a)
(Vernon 1996). If an obligor provides actual support that is subject to
an affirmative defense, he may request reimbursement for that support
as a counterclaim or offset against the claim of the obligee. Tex. Fam.
Code Ann. § 5.01 (d) (Vernon 1996). The obligor has the burden of
establishing any excess support to offset a claim made by an obligee. 
Curtis v. Curtis, 11 S.W.3d 466, 472 (Tex. App.--Tyler 2000, no pet. h.). 
To gain a credit against any arrearage, an appellant is required to
provide some evidence of the actual amount of money he has expended
for his children's support. Buzbee v. Buzbee, 870 S.W. 2d 335, 341
(Tex. App.--Waco 1994, no writ).

 Appellant argues that his ex-wife voluntarily relinquished
possession and control of the children while he lived with her, and that
although he provided no "structural support" for his children during this
time, all of the income generated by his work at the gymnastics
business accrued for the benefit of his ex-wife and children. However,
appellant provided no evidence that his ex-wife voluntarily relinquished
possession of the children and provided no documentation of any
amount of money he provided to support the children. The trial court
had no amount of money which it could use as a basis on which it
could determine the amount of excess support to offset appellee's
claim. 

 We AFFIRM the judgment of the trial court.


 MELCHOR CHAVEZ

 Justice


Do not publish. 

TEX. R. APP. P. 47.3. 

 

Opinion delivered and filed this

the 14th day of December, 2000.

1. In his reply brief, appellant raises a second point of error. An
appellant may file a reply brief addressing any matter in an appellee's
brief. Tex. R. App. P. 38.3; 13th Tex. App. (Corpus Christi) Loc. R. 4. The
issue addressed in appellant's second point of error is not raised in
appellee's brief; it is raised only in appellant's reply to appellee's brief. 
We therefore may not address this issue. See Brentwood Financial
Corp. v. Lamprecht, 736 S.W.2d 836, 847 (Tex. App.--San Antonio
1987, pet. ref. n.r.e.) ("The points raised in the reply brief present new
points of error not timely filed and therefore not properly preserved.").